UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA RAFIEI,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE,<br><br>　　　　　　　　　Respondent. | Case No.:  26-cv-668-JO-BJW<br><br>**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS** |

Nima Rafiei, a citizen of Iran proceeding *pro se*, filed a petition for writ of habeas corpus challenging his immigration detention.  Dkt. 1.  The Court held oral argument on February 20, 2026.  For the reasons stated on the record, and incorporating the analysis stated on the record in *Raeva v. Mayorkas*, No. 3:25-cv-03175, Dkts. 16, 17, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. By February 25, 2026, Respondents SHALL provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release.  *See Singh v. Holder*, 638 F.3d 1196,

1203 (9th Cir. 2011).  Respondents SHALL NOT deny Petitioner bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii) BIA precedent deprives the immigration judge of jurisdiction to decide bond.  The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

2. If no hearing occurs by February 25, 2026, Respondents SHALL release Petitioner from custody by 5 p.m. on February 26, 2026.

3. Respondents shall file a declaration by 5 p.m. on February 27, 2026 stating (i) the outcome of any bond hearing conducted pursuant to this order, *i.e.*, denial of bond, the bond amount set, or other release conditions; or (ii) if no bond hearing was conducted, confirming that Petitioner has been released.

4. Respondents are ENJOINED  from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing as set forth above. *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011); *Hernandez*, 872 F.3d at 1000.

5. Respondents shall file a declaration attesting to full compliance with these obligations **at least 48 hours prior** to any redetention of Petitioner.

6. The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  February 20, 2026

_____
Honorable Jinsook Ohta
United States District Judge

26-cv-668-JO-BJW